IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TODD TABB,

    Petitioner,

v.                                   Civil Action No. 3:16CV995

HAROLD CLARKE,

    Respondent.

**MEMORANDUM OPINION**

Todd Tabb, a Virginia inmate proceeding pro se, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 7) challenging his conviction in the Circuit Court for the County of Charles City, Virginia ("Circuit Court"). Respondent has moved to dismiss, arguing that Tabb has failed to exhaust his state court remedies as to all of his claims. For the reasons stated below, the Motion to Dismiss (ECF No. 15) will be granted, and Tabb's § 2254 Petition will be dismissed without prejudice to Tabb's right to refile once he has exhausted his state court remedies.

**A. PROCEDURAL HISTORY**

On March 15, 2016, a jury convicted Tabb of one count of malicious wounding. (Br. Supp. Mot. Dismiss 1, ECF No. 17; see

§ 2254 Pet. 1.)[1] The Circuit Court entered final judgment on June 17, 2016 and sentenced Tabb to five years of incarceration. (Br. Supp. Mot. Dismiss 1.) Tabb did not appeal. (Id.; § 2254 Pet. 2.)

The Court received Tabb's initial § 2254 Petition on December 21, 2016. (ECF No. 1.) By Memorandum Order entered on January 19, 2017, the Court directed Tabb to complete the standardized form for filing a § 2254 petition. (ECF No. 2, at 1.) On March 9, 2017, the Court received Tabb's § 2254 Petition, in which Tabb raises various claims of ineffective assistance of counsel. (§ 2254 Pet. 5-8.) In his § 2254 Petition, Tabb indicates that he did not exhaust his state remedies because he was unable to obtain a state habeas form[2] and because he was unaware of his state remedies until he filed the instant § 2254 Petition. (Id. at 5, 7, 9-10.)

## II. EXHAUSTION AND PROCEDURAL DEFAULT

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). State exhaustion "'is rooted in considerations

---

[1] The Court utilizes the pagination assigned to Tabb's § 2254 Petition by the CM/ECF docketing system.

[2] Respondent attached a blank state habeas corpus form to his Brief in Support of the Motion to Dismiss for Tabb's use. (Br. Supp. Mot. Dismiss Ex. 1, ECF No. 17-1.)

2

of federal-state comity'" and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" Slavek v. Hinkle, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting Preiser v. Rodriguez, 411 U.S. 475, 491-92 & n. 10 (1973)). The purpose of the exhaustion requirement is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before he can apply for federal habeas relief. See O'Sullivan v. Boerckel, 526 U.S. 838, 844-48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate "'opportunity'" to address the constitutional claims advanced on federal habeas. Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quoting Duncan v. Henry, 513 U.S. 364, 365 (1995)) (additional internal quotation marks omitted). "To provide the State with the necessary

'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Id. (quoting Duncan, 513 U.S. at 365-66). Fair presentation demands that a petitioner must present "'both the operative facts and the controlling legal principles' associated with each claim'" to the state courts. Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (quoting Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. Mallory v. Smith, 27 F.3d 991, 994-95 (4th Cir. 1994).

In Virginia, to exhaust state remedies, a "petitioner must present the same factual and legal claims raised in the instant petition to the Supreme Court of Virginia either by way of (i) a direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial of a state habeas petition." Sparrow v. Dir., Dep't of Corr., 439 F. Supp. 2d 584, 587 (E.D. Va. 2006); see also Va. Code Ann. § 8.01-654(A)(1) (West 2017). "Whichever route the inmate chooses to follow, it is clear that [the inmate] ultimately must present his [federal habeas] claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court

4

can consider them." Banks v. Johnson, No. 3:07CV746-HEH, 2008 WL 2566954, at *2 (E.D. Va. June 26, 2008) (second alteration added) (quoting Graham v. Ray, No. 7:05cv00265, 2005 WL 1035496, at *2 (W.D. Va. May 3, 2005)); see also Sparrow, 439 F. Supp. 2d at 587.

Here, the claims raised by Tabb have not been raised before the Supreme Court of Virginia. Tabb may still file a petition for a writ of habeas corpus raising his present claims with the state court. See Va. Code Ann. § 8.01-654(A)(2) (West 2017) (requiring that a state habeas petition be filed within two years of final judgment where no appeal is pursued). Tabb fails to demonstrate that any exceptional circumstances warrant the consideration of his habeas petition at this time. In sum, Tabb's claims are clearly unexhausted.

### III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 15) will be granted. Tabb's § 2254 Petition will be dismissed without prejudice. Tabb may refile once he has exhausted his state court remedies. A certificate of appealability will be denied.[3]

---

[3] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(a). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Clerk is directed to send a copy of this Memorandum Opinion to Tabb and counsel of record.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: September 12, 2017

---

This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Tabb fails to meet this standard. Accordingly, the Court will deny a certificate of appealability.